Jennifer Lynch (SBN 240701)
jlynch@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel *(pro hac vice pending)*
sobel@eff.org
ELECTRONIC FRONTIER FOUNDATION
1818 N Street, N.W.
Suite 410
Washington, DC 20036
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br>  Plaintiff, <br><br> v. <br><br> THE OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, <br><br>  Defendant. | **COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552** |

1.    This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the expedited processing and release of records in the possession of the Office of the Director of National Intelligence concerning the composition, membership, vacancies on, and appointments to the Intelligence Oversight Board. The requested records concern a matter about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and the request was "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 32 C.F.R.

-1-

§ 1700.12(c)(2). Therefore, Plaintiff is statutorily entitled to the immediate processing and release of the records it seeks.

## PARTIES

2. Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

3. Defendant Office of the Director of National Intelligence ("DNI") is a component of the Executive branch of the United States government. DNI is an "agency" within the meaning of 5 U.S.C. § 552(f).

## JURISDICTION

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## VENUE AND INTRADISTRICT ASSIGNMENT

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. Assignment to the San Francisco division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division, where Plaintiff is headquartered.

## FACTUAL ALLEGATIONS

### The Intelligence Oversight Board

7. The Intelligence Oversight Board ("IOB") coordinates the Executive branch's intelligence oversight activities. The IOB, a component of the larger President's Intelligence Advisory Board ("PIAB," formerly the President's Foreign Intelligence Advisory Board, or "PFIAB"), was created by President Ford by Executive Order ("EO") 11905 on February 18, 1976.

8. The IOB was created to serve as an independent civilian-liaison between the intelligence community and the Executive. *See* Charlie Savage, *President Weakens Espionage Oversight*, Bos. Globe, March 14, 2008.[1] The IOB's mission is to "oversee the Intelligence Community's compliance with the Constitution and all applicable laws, Executive Orders, and Presidential Directives." President's Intelligence Advisory Board and Intelligence Oversight Board, *About the PIAB*.[2] The IOB fulfills its mission by reviewing misconduct reports filed by intelligence agencies and then alerting the President and the Attorney General of any intelligence activities the IOB deems to be "unlawful or contrary to an Executive Order or presidential directive." *See* Exec. Order Amending Exec. Order 13462 (Oct. 28, 2009).[3] For nearly 30 years, only limited modifications to the IOB's structure and authority occurred. Savage, *President Weakens Espionage Oversight*.

9. Under the Bush Administration, the oversight capacity of the IOB was either ineffective or impaired in various ways. First, President Bush failed to appoint members to the IOB from 2001 until 2003. *Id.* Second, despite receiving notice of hundreds of violations from 2003 to 2005, the IOB failed to forward a single violation to the Attorney General for further investigation. *Id.* And, finally, a 2008 Executive Order, EO 13462, largely stripped the IOB of it's independent oversight authority: EO 13462 eliminated the requirement that intelligence agencies forward reports of violations to the IOB on a quarterly basis and eliminated the IOB's authority to forward reports to the Attorney General for further investigation. Exec. Order 13462 (Feb. 29, 2008).

10. In October 2009, President Obama amended EO 13462 to restore the IOB's oversight capacity to its previous status. *See* Exec. Order Amending Exec. Order 13462 (Oct. 28, 2009).[4] President Obama's amendments reinstated the IOB's authority to require intelligence agencies to report violations to the IOB. *Id.* at Section (e). The Amended Executive Order also

---

[1] *Available at* http://www.boston.com/news/nation/washington/articles/2008/03/14/president_weakens_espionage_oversight/.
[2] *Available at* http://www.whitehouse.gov/administration/eop/piab/about .
[3] *Available at* http://www.whitehouse.gov/the-press-office/president-obama-signs-executive-order-amend-executive-order-13462.
[4] *Available at* http://www.whitehouse.gov/the-press-office/president-obama-signs-executive-order-amend-executive-order-13462.

Complaint For Injunctive Relief For Violation of the Freedom of Information Act, 5 U.S.C. § 552

reinstated the IOB's ability to forward reports of illegal conduct to the Attorney General. *Id.* at Section (c). Shortly after signing the amending Executive Order, President Obama appointed two co-chairs to the PIAB. To date, President Obama has announced 11 appointments to the PIAB. White House Press Release, *President Obama Announces Members of the President's Intelligence Advisory Board*.[5] However, nearly three years into President Obama's term, no appointments to the IOB have been announced. *See* Ken Dilanian, *FBI Involved in Hundreds of Violations in National Security Investigations*, L.A. TIMES, January 30, 2011.[6]

11. Due to the IOB's central role in intelligence oversight, Plaintiff has submitted previous FOIA requests to DNI and other Executive agencies for records concerning the IOB. *See Electronic Frontier Foundation v. CIA*, CV-09-3351 (N.D. Cal. 2009) (FOIA litigation stemming from requests for IOB reports submitted by DNI, CIA, FBI, NSA, DHS, DOJ, Department of State, Department of Defense, and Department of Energy). Those requests, and the subsequent litigation stemming from those requests, have resulted in the disclosure of tens of thousands of records documenting previously secret reports of intelligence agency misconduct. *See* EFF, *FOIA: Intelligence Agencies' Misconduct Reports*.[7] As is its practice in FOIA matters, Plaintiff has made all documents obtained through its IOB FOIA litigation publicly available on its website. *See id.*

### Plaintiff's FOIA Request and Request for Expedited Processing

12. The Director of National Intelligence ("DNI") serves as the head of the intelligence community for the United States government and is the "principal advisor to the President, the National Security Council, and the Homeland Security Counsel for intelligence matters related to national security." *An Overview of the United States Intelligence Community for the 111th Congress* (2009) at 1.[8] As the head of the intelligence community, DNI's responsibilities include "ensur[ing the intelligence community's] compliance with statutory and Presidentially-mandated responsibilities," including Executive Orders. *Id.* Accordingly, DNI is the Executive agency most likely to be in possession of the records concerning the IOB sought by Plaintiff.

---

[5] *Available at* http://www.whitehouse.gov/the-press-office/president-obama-announces-members-presidents-intelligence-advisory-board; *see also*
[6] *Available at* http://articles.latimes.com/2011/jan/30/nation/la-na-fbi-violations-20110130.
[7] *Available at* https://www.eff.org/foia/intelligence-agencies-misconduct.
[8] *Available at* http://www.dni.gov/overview.pdf.

13. In a letter dated February 15, 2011 and sent by facsimile to the DNI, Plaintiff requested under the FOIA all agency records, including electronic records, from November 1, 2008 to the present concerning or reflecting:

   1. The composition, membership, vacancies on, and/or appointments to be made to the Intelligence Oversight Board ("IOB")

   2. Any discussions or communications between officials or employees of ODNI and any White House officials or employees regarding the composition, membership, vacancies on, and/or appointments to be made to the IOB

   3. Any discussions or communications between officials or employees of ODNI and officials or employees of other intelligence agencies regarding the composition, membership, vacancies on, and/or appointments to be made to the IOB

   4. Any discussions or communications between officials or employees of ODNI and any member of Congress or congressional staffer regarding the composition, membership, vacancies on, and/or appointments to be made to the IOB

   5. Any discussions or communications regarding the reasons, explanations, or rationales provided for President Obama's appointment of, or the failure to appoint, members to the IOB

14. In its February 15th letter, Plaintiff also formally requested that the processing of its FOIA request be expedited because it pertains to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and the request was "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 32 C.F.R. § 1700.12(c)(2).

15. Defendant acknowledged Plaintiff's request via letter dated February 17, 2011. The letter noted Defendant's acceptance of Plaintiff's request. Defendant's February 17th letter also summarily denied Plaintiff's request for expedited processing.

16. By letter dated February 28, 2011 and sent by facsimile, Plaintiff appealed Defendant's denial of expedited processing of Plaintiff's request.

17. On information and belief, Defendant received Plaintiff's administrative appeal on February 28, 2011.

18. To date, Defendant has never formally acknowledged receipt of Plaintiff's appeal, nor has Defendant informed Plaintiff of the outcome of the appeal.

19. To date, Defendant has not produced any records in response to Plaintiff's request described in paragraph 13, nor informed Plaintiff of an anticipated date for the completion of the processing of the request.

20. Not only has Defendant failed to expedite the processing of Plaintiff's request, but it has also exceeded the generally applicable twenty-day deadline for the processing of *any* FOIA request.

21. Plaintiff has exhausted the applicable administrative remedies with respect to the FOIA request referenced herein.

22. Defendant has wrongfully withheld the requested records from Plaintiff.

## CAUSES OF ACTION

**Violation of the Freedom of Information Act for Failure to Expedite Processing**

23. Plaintiff repeats and realleges paragraphs 1-22.

24. Defendant has violated the FOIA by failing to expedite the processing of Plaintiff's FOIA request.

25. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's failure to expedite the processing of Plaintiff's request.

26. Plaintiff is entitled to injunctive relief with respect to the expedited processing of the requested agency records.

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

27. Plaintiff repeats and realleges paragraphs 1-22.

28. Defendant has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of a FOIA request.

29. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

30. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. order Defendant to process immediately the requested records in their entirety;
2. order Defendant, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;
3. provide for expeditious proceedings in this action;
4. award Plaintiff its costs and reasonable attorneys fees incurred in this action; and
5. grant such other relief as the Court may deem just and proper.

DATED: September 27, 2011

By /s/ Jennifer Lynch

Jennifer Lynch, Esq.
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110

David L. Sobel *(pro hac vice pending)*
ELECTRONIC FRONTIER FOUNDATION
1818 N Street, N.W., Suite 410
Washington, DC  20009

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION