TONY WEST
Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch
Civil Division
NICHOLAS CARTIER, CA Bar #235858
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Ave NW, 7224
PO Box 883 (US Mail)
Washington, DC 20530
Tel: 202-616-8351
Fax: 202-616-8470
email: nicholas.cartier@usdoj.gov
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| ELECTRONIC FRONTIER, FOUNDATION ) ) ) | Civil Action No. 11cv04790 (LB) |
| Plaintiff, ) ) | |
| v. ) ) | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF** |
| THE OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE ) ) ) ) | |
| Defendant. ) | |

    Defendant Office of the Director of National Intelligence ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint. Defendant specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer.

    Answering the numbered paragraphs of Plaintiff's Complaint, Defendant responds as follows:

*Defendant's Answer- Civ. Action No. 11-04790*

1. The first two sentences of this paragraph contain Plaintiff's description of this civil action and its FOIA request to Defendant, to which no response is required. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. The third and fourth sentences contain legal conclusions to which no response is required. Defendant respectfully refers the Court to the referenced statutory and regulatory provisions for a full and accurate statement of their contents.

2. This paragraph contains Plaintiff's characterization of itself and its current activities. Defendant lacks sufficient knowledge or information to admit or deny the truth of these allegations.

3. Admitted.

4. This paragraph contains Plaintiff's assertion of jurisdiction and thus is a legal conclusion to which no response is required. The Court is respectfully referred to the cited statutory provisions for a full and accurate description of their contents.

5. This paragraph contains Plaintiff's assertion of venue and thus is a legal conclusion to which no response is required. The Court is respectfully referred to the cited statutory provisions for a full and accurate description of their contents.

6. This paragraph contains Plaintiff's assertion of the propriety of assignment of this case to the San Francisco division pursuant to Local Rule 3-2(c) and (d), and thus is a legal conclusion to which no response is required. Defendant respectfully refers the Court to the referenced local rule for a full and accurate statement of its contents.

7. Admitted.

8. The first and fourth sentences appear to characterize a March 14, 2008 *Boston Globe* article, to which the Court is respectfully referred for a full and accurate description of its contents. The second sentence characterizes and quotes from a document entitled, "President's Intelligence Advisory Board and Intelligence Oversight Board, *About the PIAB*." Defendant respectfully refers the Court to the document for a full and accurate description of its contents. The third sentence characterizes and quotes from an October 28, 2009 Executive Order.

Defendant respectfully refers the Court to the document for a full and accurate description of its contents.

9. The first three sentences appear to characterize a March 14, 2008 *Boston Globe* article, to which the Court is respectfully referred for a full and accurate description of its contents. The fourth sentence characterizes Executive Order 13462, to which the Court is respectfully referred for a full and accurate description of its contents.

10. With respect to the first sentence, admitted that President Obama amended Executive Order 13462 in October 2009. The remaining portion of this sentence and the next two sentences contain a characterization of an October 28, 2009 Executive Order, to which the Court is respectfully referred for a full and accurate description of its contents. With respect to the fourth sentence, admitted that President Obama appointed two co-chairs to the President's Intelligence Advisory Board on October 28, 2009. The fifth sentence characterizes a White House press release and the sixth sentence characterizes a January 30, 2011 *L.A. Times* article. The court is respectfully referred to the press release and article for a full and accurate description of their contents.

11. The first two sentences of this paragraph contain Plaintiff's characterization of previous FOIA requests and ensuing litigation, to which no response is required. Defendant lacks sufficient knowledge or information to admit or deny the allegation contained in the third sentence.

12. The first and second sentence characterize and quote from a document entitled, *An Overview of the United States Intelligence Community for the 111th Congress* (2009). Defendant respectfully refers the Court to the document for a full and accurate description of its contents. With respect to the third sentence, Defendant lacks sufficient knowledge or information regarding what documents other agencies may or may not possess to admit or deny this allegation.

13. This paragraph contains Plaintiff's characterization of its FOIA request, dated February 15, 2011. Defendant admits that it received the request, and respectfully refers the

*Defendant's Answer- Civ. Action No. 11-04790* - 3 -

Court to the letter for a full and accurate statement of its contents.

14. This paragraph contains a characterization of Plaintiff's FOIA request, dated February 15, 2011, to which the Court is respectfully referred for a full and accurate statement of its contents. To the extent this paragraph also purports to allege that Plaintiff's request is entitled to expedited processing, this paragraph contains a legal conclusion to which no response is required.

15. The first sentence is admitted. The second and third sentences contain Plaintiff's characterization of Defendant's letter, dated February 17, 2011, to which the Court is respectfully referred for a full and accurate description of its contents. Defendant admits that it denied Plaintiff's request for expedited processing.

16. Admitted.

17. Admitted.

18. Denied. Defendant informed Plaintiff of the outcome of its appeal by letter dated October 6, 2011.

19. Denied. By letter dated October 6, 2011, Defendant produced records to Plaintiff in response to its FOIA request.

20. This paragraph contains legal conclusions to which no response is required.

21. This paragraph contains a legal conclusion to which no response is required.

22. Denied. By letter dated October 6, 2011, Defendant produced records to Plaintiff in response to its FOIA request.

23. This paragraph repeats and re-alleges the allegations contained in paragraphs 1-22 of Plaintiff's Complaint. Defendant respectfully refers the Court to its responses to those specific preceding paragraphs.

24. This paragraph contains a legal conclusion to which no response is required.

25. This paragraph contains a legal conclusion to which no response is required.

26. This paragraph contains a legal conclusion to which no response is required.

27. This paragraph repeats and re-alleges the allegations contained in paragraphs 1-22

of the Complaint. Defendant respectfully refers the Court to its responses to those specific preceding paragraphs.

28. This paragraph contains a legal conclusion to which no response is required.

29. This paragraph contains a legal conclusion to which no response is required.

30. This paragraph contains a legal conclusion to which no response is required.

The rest of the Complaint contains a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in the remainder of the Complaint and further avers that Plaintiff is not entitled to the requested relief or any other relief from the Defendant.

### **FIRST DEFENSE**

1. The Complaint fails to state a claim against the Defendant upon which relief can be granted.

### **CONCLUSION**

Wherefore, having fully answered, Defendant asserts that Plaintiff is not entitled to the relief requested, or to any relief whatsoever.

Dated: October 28, 2011                    Respectfully Submitted,


                                           TONY WEST
                                           Assistant Attorney General

                                           MELINDA HAAG
                                           United States Attorney

                                           ELIZABETH J. SHAPIRO
                                           Deputy Director, Federal Programs Branch

*Defendant's Answer- Civ. Action No. 11-04790*      - 5 -

/s/ Nicholas Cartier
NICHOLAS CARTIER, CA Bar #235858
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Ave NW, 7224
Washington, DC 20044
Tel: 202-616-8351
Fax: 202-616-8470
email: nicholas.cartier@usdoj.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2011, I caused a copy of the foregoing to be served on counsel for Plaintiff via the Court's ECF system.

           /s/ Nicholas Cartier
           NICHOLAS CARTIER

*Defendant's Answer- Civ. Action No. 11-04790*